IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Ronald Neill, on behalf of himself and all other plaintiffs similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: 1:18-cv-7382 |
| Midwest Tankermen, Inc. and Gail Loughlin | ) ) ) ) ) | |
| Defendants. | ) | |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

NOW COMES Plaintiff Ronald Neill ("Ronald" or "Plaintiff") on behalf of himself and all other plaintiffs similarly situated, by and through his attorneys, and for his Class and Collective Action Complaint against Defendant Midwest Tankermen, Inc. ("Midwest") and Gail Loughlin ("Loughlin") (collectively, Midwest and Loughlin are referred to as "Defendants") states as follows:

**Nature of the Action**

1. This civil action is brought by the above-named plaintiff who brings this class and collective action claim for overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") pursuant to 29 U.S.C. § 216(b), and under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq* and the Illinois Wage Payment and Collections Act 820 ILCS 115 ("IWPCA) pursuant to Fed. R. Civ. Pro 23.

**Parties**

2. Plaintiff worked as a Tankermen for Defendants.

3. Defendant Midwest is a Delaware entity headquartered at 980 E. 9th Street, Lockport, IL 60441.

4. Defendant Loughlin is the owner of Midwest and directed the illegal practices described herein. She also served as the Plaintiff's supervisor and enforced the pay practices as alleged herein.

5. Defendant Midwest is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA.

6. During the last three years, Defendant Midwest's annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise tax.

7. Defendants are the Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

8. Defendants are the Plaintiff's "employer" as defined by the IMWL. 820 ILCS 105/3(c)

9. Plaintiff was Defendants' "employee" as that term is defined by the FLSA. 29 U.S.C. §203(e)(1)

10. Plaintiff was Defendants' "employee" as that term is defined by the IMWL. 820 ILCS 105/3(d)

## Jurisdiction and Venue

11. Subject matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by 29 U.S.C. § 216(b).

12. Venue is proper in this Judicial District as all of the events arising out of this case arose in this Judicial District.

## Factual Allegations

13. Plaintiff worked for Defendants within the past three years.

14. While the Defendants generally paid overtime, they did not pay Plaintiff and similarly situated employees proper overtime wages of one and one-half time their regular rate of pay for all hours worked above forty hours in a work week by not properly including all compensation and hours worked.

15. Defendants did not capture all compensation paid to Plaintiff and similarly situated employees when calculating their regular rates for overtime purposes.

16. For instance, Defendants attempted to hide compensation in the form of "Mileage" so as to minimize the overtime premiums that had to be paid to Plaintiff and similarly situated employees.

17. At Midwest, mileage is used to provide additional compensation and is not related to the actual cost of the travel. In fact, "Mileage" compensation was not based on the actual miles traveled by employees, or expenses incurred, but rather, "Mileage" was bonus compensation for travel to various job sites. Also, additional bonus compensation was paid in the form of additional "straight time" hours for travel to certain sites.

18. For example, if Plaintiff drove to Lemont, Illinois from his house (which is approximately 20 miles) Plaintiff got $33.00. If he drove approximately 12 miles to Joliet, Illinois, he got $55.00. Likewise, if driving to Peoria, the Plaintiff was given a $165 bonus plus six hours of compensation at straight time.

19. Therefore, this pay was simply a form of additional compensation for traveling that had no relationship whatsoever to mileage expenses but instead was designed to compensate employees. Again, this additional compensation was not factored into the regular rate for overtime purposes.

20. Defendants did not capture all time spent working.

21. For instance, Defendants did not pay Plaintiff and similarly situated employees for the time spent traveling to job sites. Rather, for certain job sites, Defendants would pay bonus compensation of additional "straight time" hours. Plaintiff and similarly situated employees were not paid one and one-half times their regular rate of pay for these additional "straight time" hours.

22. By way of example, Defendants did not pay Plaintiff one and one-half times his full regular rate of pay for all hours worked in excess of forty in an individual work week for the pay periods of: 8/22/2016 - 9/4/2016; 11/14/2016 - 11/27/2016; 10/16/2017 - 10/29/2017. While certain overtime hours were paid, the Defendants failed to pay for all hours worked over forty in a work week at one and one-half times his regular rate of pay.

23. Defendants made deductions from Plaintiff's and similarly situated employee's pay.

24. Defendants did not receive written authorizations at the time these deductions were made.

25. By way of example, Defendants made deductions labeled "Travel Reimbursement" during the pay periods: 8/22/2016 - 9/4/2016; 11/14/2016 -11/27/2016; 10/16/2017 - 10/29/2017.

26. Plaintiff performed his job responsibilities for Defendants in the State of Illinois.

27. Other similarly situated employees have been employed by the Defendants and have not been paid for all hours worked and at the required overtime wages at one and one-half times their regular rate of pay.

28. The named Plaintiff, and similarly situated employees, were not exempt from the overtime provisions of the FLSA.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff seeks to maintain this suit as a Collective pursuant to 29 U.S.C. §216(b) and as a Class pursuant to Fed. R. Civ. Pro. 23 on behalf of himself and all other non-exempt employees who were not fully compensated for overtime hours worked.

30. Plaintiff and other similarly situated current and former employees in the asserted class regularly worked over 40 hours per week but were not fully paid for all hours worked and at the overtime hours at one and one-half times their regular rate of pay.

31. Plaintiff and asserted members of the Collective and Class are similarly situated because, *inter alia*, they all were not paid the required overtime rate of one and one-half times their regular rate of pay for all work in excess of 40 hours per week and had such rights undermined and neglected by Defendants' unlawful practices and policies

32. Defendants have encouraged, permitted, and required the Class and Collective to work without required overtime compensation of one and one-half times the regular rate of pay and without fully compensating the Class for all hours worked.

33. Defendants have known that Plaintiff and other members of the Class and Collective have been deprived of required overtime compensation. Nonetheless, Defendants have operated under a scheme to deny the Plaintiff and the Class and Collective the required compensation of one and one-half time their regular rate of pay for work in excess of 40 hours.

34. There are many other current and former employees within the asserted class for this action during the material time who are similarly situated to Plaintiff. With such numbers of similar claims for unpaid compensation, a class action is superior procedure for adjudicating such claims. Plaintiff requests that the Court authorize and supervise notice to the members of the asserted classes so that all claims may be resolved efficiently in a single proceeding.

35. The records, if any, should be in the custody or control of Defendants concerning the members of the asserted class, the number of hours actually worked by Plaintiff and all other similarly situated employees, and the compensation actually paid, or not paid, to such employees.

36. Plaintiff will fairly and adequately protect the interests of each proposed class member and has retained counsel that is experienced in class actions and employment litigation. Plaintiff has no interest that is contrary to, or in conflict with, members of the class.

### COUNT I - FAIR LABOR STANDARDS ACT
**(Plaintiff Individually and on Behalf of All
Similarly Situated Employees Pursuant to 29 U.S.C. §216)**

37. The Plaintiff re-alleges and incorporates by reference paragraphs 1-36.

38. Under the FLSA, Plaintiff and the Collective were entitled to be paid by Defendants for all hours worked and to be paid at the overtime rate for each hour worked in excess of 40 hours each work week at one and one-half times their regular rate of pay.

39. The proper overtime rate is computed by multiplying 1.5 times an employee's regular hourly rate.

40. Defendants failed to compensate the Collective for all work performed.

41. Defendants failed to compensate the Collective for all work performed at the proper overtime rate for all work in excess of 40 hours per week in violation of the FLSA.

42. Upon information and belief, Defendants' practices were not based upon Defendants' review of any policy or publication of the United States Department of Labor and therefore was willful and deliberate.

43. Due to Defendants' violations of the FLSA, the FLSA Class is entitled to recover from Defendants their unpaid compensation, liquidated damages, reasonable attorney's fees, and the costs of this action, pursuant to 29 U.S.C.§216(b).

WHEREFORE, the Plaintiff requests the following relief, individually and on behalf of similarly situated employees:

A. A declaratory judgement that Defendants violated the overtime wage provision of the FLSA as to the Plaintiff and similarly situated employees;

B. A declaratory judgment that Defendants' violations of the FLSA was willful;

C. Unpaid compensation;

D. Unpaid overtime compensation;

E. An additional amount equal as liquidated damages;

F. Prejudgment interest;

G. Reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b); and

H. Such other and further relief as this Court deems appropriate and just.

**COUNT II - ILLINOIS MINIMUM WAGE LAW**
**(Plaintiff Individually and on Behalf of All**
**Similarly Situated Employees Pursuant to Fed. R. Civ. Pro 23)**

44. Plaintiff hereby alleges and incorporates Paragraph 1 through 43 of this Complaint, as is fully set forth herein.

45. This count arises from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS § 105/1 *et seq.*

46. Under the IMWL, Defendants were and remains obligated to compensate Plaintiff, and similarly situated employees, for all hours worked and all hours worked in excess of 40 hours in any individual work week. Overtime compensation must be paid at a rate of not less than one and one-half times the regular rate of pay.

47. Plaintiff was regularly permitted, encouraged and/or required to work without compensation and work in excess of 40 hours per week but was not compensated at the required one and one-half times his regular rate for such overtime work.

48. By failing to pay compensation and overtime compensation due to Plaintiff, Defendants willfully, knowingly and/or recklessly violated the IMWL which requires overtime compensation of one and one-half times the regular rate to be paid.

49. As a result of Defendants' policy and practice of withholding compensation and overtime compensation, Plaintiff and similarly situated employees have been damaged in that they have not received wages due to them pursuant to the IMWL.

WHEREFORE, Plaintiff requests the following relief individually and on behalf of similarly situated employees:

A. A Declaratory Judgement that Defendants violated the minimum wage provisions of the IMWL as to the Plaintiff and similarly situated employees;

B. A declaratory judgement that Defendants' violations of the IMWL were willful;

C. Unpaid compensation;

D. Unpaid overtime compensation;

E. A judgment of punitive damages, including statutory interest of 2% per month, as provided by IMWL;

F. A judgement of reasonable attorney's fees and costs incurred in filing this action; and

G. Such other and further relief as this Court deems appropriate and just.

## COUNT III – ILLINOIS WAGE PAYMENT AND COLLECTION ACT

50. Plaintiff hereby realleges and incorporates paragraphs 1 through 49 of this Complaint, as if fully set forth herein.

51. The foregoing actions of Defendants constitute violations of the Illinois Wage Payment and Collections Act (IWPCA). Defendants' actions were willful and not in good faith.

52. This count arises from Defendants' violation of the IWPCA, 820 ILCS 115. 820 ILCS §115/4 provides in part that "[a]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned."

53. Defendants permitted, encouraged, and/or required Plaintiff and similarly situated employees to work uncompensated hours, thus wages were not paid within 13 days after the end of the pay period.

54. Additionally, 820 ILCS 115/9 provides as follows:

> Except as hereinafter provided, **deductions by employers from wages or final compensation are prohibited** unless such deductions are (1) required by law; (2) to the benefit of the employee; (3) in response to a valid wage assignment or wage deduction order; (4) made with the express written consent of the employee, given freely at the time the deduction is made; (5) [made by certain governmental entities]. (emphasis added)

55. Defendants violated the IWPCA, 820 Ill. Comp. Stat. 115/1 *et seq.*, by failing to pay employees for all time worked.

56. Defendants further violated the IWPCA by making unauthorized deductions from the wages of Plaintiff and other similarly situated employees.

57. Plaintiff seeks all unpaid wages as well as reimbursement for all unauthorized deductions taken by Defendants from their pay.

WHEREFORE, Plaintiff request the following relief, individually and on behalf of similarly situated employees:

A.    A declaratory judgment that Defendants violated the IWPCA as to the Plaintiff and the Class;

B.    A declaratory judgment that Defendant's violations of the IWPCA were willful;

C.    A judgment to Plaintiff and the Class in the amount of unpaid wages and all unauthorized deductions;

D.    A judgment to Plaintiff and the Class of punitive damages as provided by IWPCA.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable, including FLSA claims.

Dated: November 7, 2018                              Respectfully Submitted,

By: /s/ John Kunze
One of the Attorneys for the Plaintiff

David J. Fish
Kimberly Hilton
John Kunze
THE FISH LAW FIRM P.C.
200 E 5th Ave Suite 123
Naperville, IL 60563
(630)355-7590
(fax) (630)778-0400